**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGEA BRAIN & SPINE, P.A., *on assignment of Raul R.*,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 17-13726 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Cigna Health and Life Insurance Company's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Plaintiff has submitted Opposition to Defendant's Motion (ECF No. 14), which Defendant has replied to. (ECF No. 16). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the Motions to Dismiss.

## I.  BACKGROUND[1]

Plaintiff is a New Jersey entity that provides healthcare services in Union County, New Jersey. (ECF No. 1 ("Compl.") ¶ 1). Defendant is a health care plan administrator who regularly engages in business in the State of New Jersey. (Compl. ¶ 2). Plaintiff brings this action seeking

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

to recover additional payment for services rendered to one of its patients, Patient Raul R. (Compl. ¶ 3).

Patient Raul R. was covered by a healthcare insurance plan that was administered by Defendant. (Compl. ¶ 4). On April 20, 2016, Patient Raul R. underwent a surgical procedure to remove a scalp mass from his head. (Compl. ¶¶ 5-6). During this procedure, Patient Raul R. began to profusely bleed. (Id). Accordingly, the surgery was aborted, the wound was closed, and Patient Raul R. was transported to Saint Barnabas for additional treatment. (Id). It was at Saint Barnabas that Plaintiff was called for a consultation. (Id.). Patient Raul R. then underwent emergency surgery at Saint Barnabas. (Compl. ¶ 7). Plaintiff, in part, performed the surgery. (Id).

Thereafter, Patient Raul R. transferred his rights to benefits under his healthcare insurance plan to Plaintiff. (Compl. ¶ 9). Plaintiff submitted its bills and sought reimbursement in the amount of $218,000.00 from Defendant for the services rendered to Patient Raul R. (Compl. ¶ 11). Defendant received said bills and reimbursed Plaintiff in the amount of $6,204.52. (Compl. ¶ 12). Plaintiff then engaged in the appeals process set forth by Defendant, to no avail. (Compl. ¶ 13). Accordingly, Plaintiff brought this action asserting the following claims: Count I – Failure to Comply with Emergency Service Cost Sharing Requirement pursuant to N.J.A.C. 11:4-37; Count II – Failure to Make All Payments Pursuant to Member's Plan under 29 U.S.C. § 1132(a)(1)(B); and Count III – Breach of Fiduciary Duty under 29 U.SC. §§ 1132(a)(3), 1104(a)(1), and 1105(a). (Compl. ¶¶ 19-40).

## II.  LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

The crux of Defendant's argument in support of dismissal is that Plaintiff has failed to sufficient plead any of its claims, including any violation of the Employee Retirement Income Security Act ("ERISA") plan. (ECF No. 8-1). To bring a claim under ERISA, a plaintiff must allege how the plan it is suing under was violated. *See* 29 U.S.C. § 1132(a). Under that section of ERISA, "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Reading the ERISA standard in harmony

with the above *Twombly/Iqbal* pleading requirements, it is apparent that a plaintiff asserting an ERISA claim must clearly articulate why he believes recovery in his favor is appropriate.

Upon review of Plaintiff's Complaint, the Court is not satisfied that Plaintiff has met this standard. Plaintiff outlines the fact that it rendered medical services to Patient Raul R., who was covered by a healthcare plan that was administered by Defendant. (Compl ¶¶ 5-9). Additionally, Plaintiff explains that it submitted bills for a specific dollar amount and was reimbursed a fractional portion of same. (Compl. ¶¶ 11-13). Unfortunately, Plaintiff's allegations regarding its right to further reimbursement end there. As such, Plaintiff has failed to alleged *why* it is entitled to further reimbursement under Defendant's plan, and Plaintiff does not attempt to explain same in its Opposition. (*See generally* ECF No. 14). Hence, Plaintiff's ERISA-based[2] claims must be dismissed since its Complaint fails to establish "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of the cause of action. *Connelly*, 809 F.3d at 789 (citations and quotations omitted). The dismissal is without prejudice and Plaintiff shall have fourteen days to file an Amended Complaint addressing the deficiencies identified herein. Specifically, Plaintiff's Amended Complaint shall explicitly outline exactly why it believes it is entitled to additional payments for the services rendered to Patient Raul R.

The Court will also dismiss Count I of Plaintiff's Complaint. Section 514(a) of ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any" ERISA plan. 29 U.S.C. § 1444(a). Here, Plaintiff openly admits that the subject plan is one that is governed by ERISA. (Compl. ¶ 9). Count I of the Complaint seeks to recover damages pursuant to New Jersey law. (Compl. ¶¶ 19-22). However, as discussed, Section 514(a) prohibits Plaintiff's ability to assert any state law claims that stem from any alleged violation of the ERISA

---

[2] Counts II-III.

4

plan. *See Associated Builders & Constrs. v. City of Jersey City*, 836 F.3d 412, 417 (3d Cir. 2016). Accordingly, Count I must be dismissed with prejudice.

## IV. **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss is granted. An appropriate Order accompanies this Opinion. Count I is dismissed with prejudice as it is preempted by ERISA. The balance of Plaintiff's Complaint if dismissed without prejudice, with leave to file an Amended Complaint within fourteen days of, and that is consistent with, this Opinion.

DATED: May 29th, 2018

JOSE L. LINARES
Chief Judge, United States District Court